# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS MADRIGAL, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SANTA PAULA; SANTA PAULA POLICE DEPARTMENT; AND DOES 1-25, <br><br> Defendants. | CASE NO. 2:25-cv-7163-PVC <br><br> **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED to by and between the Parties to the above-captioned matter, plaintiff, TOMAS MADRIGAL and defendants, CITY OF SANTA PAULA and SANTA PAULA POLICE DEPARTMENT, ("the Parties") that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.     Defendants, CITY OF SANTA PAULA and SANTA PAULA POLICE DEPARTMENT (hereinafter "CITY") will produce documents pertaining to the matters at issue in this case, including confidential personnel and investigative materials, to the Parties.  These records (hereinafter "Protected Material") contain information deemed to be private and confidential, which will require special

1

protection from public disclosure and use for any purpose other than defending this civil litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter into this Stipulated Protective Order.  The Parties hereby further stipulate that the documents and other materials produced by the CITY in response to plaintiff's demand for production of documents are deemed to be Protected Material pursuant to this stipulation.

2.     Any materials so designated will be clearly marked as "Protected Material."  If a party disagrees that a document designated as such contains Protected Material, then the party will so notify the producing party in writing within twenty (20) days of receipt of the document.  Upon receipt of such a notice, the producing party shall have fifteen (15) days from receipt to file a further protective order establishing the information is actually Protected Material.  If the party does not timely file a motion for protective order, then the Protected Material shall no longer be subject to protection under this Protective Order.  If such a motion is filed, any document so marked as Protected Material will continue to be treated as such pending determination by the Court as to its Protected Material status.

3.     The "Parties" subject to this stipulation shall include the CITY's respective officers, council members, employees, counsel, representatives, insurers, consultants, retained experts, and all outside counsel (and their support staff).

4.     Following termination or conclusion of all litigation, the confidentiality obligations imposed by this stipulated protective order shall remain in effect until all Parties destroy all Protected Material that is within their possession or custody or return them to CITY, through his counsel.

5.     The Parties may use the Protected Material in connection with this civil case, only.

6.     The Parties may not disseminate the Protected Material, whether by email, electronic file transfer, or otherwise, except as otherwise provided herein.

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
601 E DAILY DRIVE, SUITE 205
CAMARILLO CALIFORNIA 93010
TELEPHONE (805) 278-0920

2

7.      The Protected Material must be stored and maintained by the Parties in a secure manner that ensures that access is limited only to the parties, except as otherwise provided herein.

8.      Unless permitted in writing by CITY, through his counsel, or otherwise ordered by the Court, the Parties may only provide the Protected Material to the following:

A.      The Court and its personnel, including court reporters and any other deponent or trial witnesses;

B.      The trier of fact;

C.      The mediator(s); and

D.      Consulting and/or designated expert witnesses.

9.      If the Parties are served with a subpoena, discovery request, or an order issued in other litigation that would compel production of the Protected Material, the parties must notify CITY, through his counsel, in writing, no more than five (5) court days after receiving the subpoena, order, or discovery request.

10.     If the Parties are served with a subpoena, discovery request, or an order issued in other litigation that would compel production of the Protected Material, the Parties must also immediately inform, in writing, the non-party who caused the subpoena or order to issue in the other litigation that the Protected Material is the subject of this Stipulated Protective Order. In addition, the Parties must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena, discovery request, or order to issue.

11.     The purpose of imposing these duties is to alert the interested parties of this Stipulated Protective Order and to afford the Parties an opportunity to try and protect third parties' confidentiality interests and safety in the court or other forum to which the subpoena, discovery request, or order relates. Nothing in these provisions should be construed as authorizing or encouraging the parties in this action to disobey a lawful directive from another court.

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
601 E DAILY DRIVE, SUITE 205
CAMARILLO CALIFORNIA 93010
TELEPHONE (805) 278-0920

3

12. Unless otherwise ordered or agreed to in writing by CITY, through his counsel, within sixty (60) days after the final termination of this action, the Parties must destroy or return the Protected Material that is within their possession or custody to CITY, through his counsel.

13. Upon delivery after the final termination of this action, the Parties must submit a written declaration under penalty of perjury to CITY, through his counsel, by the sixty (60) day deadline, that affirms that the Protected Material that is within their possession or custody is being destroyed or returned and that affirms that the Parties have not made any copies, electronic or otherwise, of the Protected Material, outside of what is destroyed or returned or as otherwise expressly allowed herein.

14. This Court shall have exclusive jurisdiction to enforce any disputes arising out of this Stipulated Protective Order.

15. Nothing in this protective order is intended to prejudice, inhibit or estop counsel for Plaintiff from using any document produced subject to this protective order to oppose a dispositive motion or for use at trial. However, any documents or materials subject to this Stipulated Protective Order that are filed with the Court for any purpose must be filed under seal.

16. This protective order shall not be construed as any agreement or stipulation by or on behalf of CITY as to the admissibility or relevance of the Protected Material. CITY reserves the right to contest the use of Protected Material in motions and/or at trial, including but not limited to, by asserting objections to evidence or filing a motion in limine. The Parties remain free to resolve disputes over the use or admissibility of such evidence, if any, through meet and confer efforts, stipulations or agreements, or judicial orders.

**GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.**

DATED: March 20, 2026

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
601 E DAILY DRIVE, SUITE 205
CAMARILLO CALIFORNIA 93010
TELEPHONE (805) 278-0920

4